FORREST BOOTH (SBN 74166)
forrest.booth@kennedyslaw.com
KENNEDYS CMK LLP
455 Market Street, Suite 1900
San Francisco, CA 94105
Telephone:    415-323-4460
Facsimile:     415-323-4445

Attorneys for Plaintiffs HDI GLOBAL SE; UNITED STATES FIRE INSURANCE COMPANY; EVANSTON INSURANCE COMPANY, as successor by merger with ESSEX INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HDI GLOBAL SE; UNITED STATES FIRE INSURANCE COMPANY; EVANSTON INSURANCE COMPANY, as successor by merger with ESSEX INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>FLORENS CONTAINER, INC.; FLORENS ASSET MANAGEMENT (USA) LIMITED; FLORENS ASSET MANAGEMENT COMPANY LIMITED,<br><br>Defendants. | CASE NO.  23-cv-2502<br><br>**COMPLAINT FOR DAMAGES AND FOR DECLARATORY JUDGMENT**<br><br>**IN ADMIRALTY AND ALIENAGE**<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs HDI GLOBAL SE; UNITED STATES FIRE INSURANCE COMPANY; and EVANSTON INSURANCE COMPANY, as successor by merger with ESSEX INSURANCE COMPANY (collectively hereinafter "Plaintiffs" or "Insurers") through their attorneys Kennedys CMK LLP, and file this complaint against FLORENS CONTAINER, INC.; FLORENS ASSET MANAGEMENT (USA) LIMITED; and FLORENS ASSET MANAGEMENT COMPANY LIMITED, alleging upon information and belief as follows:

**NATURE OF ACTION AND RELIEF SOUGHT**

1. This is an action by Plaintiffs HDI GLOBAL SE ("HDI"), UNITED STATES FIRE INSURANCE COMPANY ("USFIC") and EVANSTON INSURANCE COMPANY, as successor by merger with ESSEX INSURANCE COMPANY ("Evanston") on their own behalf and on behalf of certain other interested insurers, to seek reimbursement and disgorgement from Defendants FLORENS CONTAINER, INC.; FLORENS ASSET MANAGEMENT (USA) LIMITED; and FLORENS ASSET MANAGEMENT COMPANY LIMITED (hereinafter collectively "Florens" or the "Florens Defendants"). On or about, February 20, 2016, HDI issued a primary policy of loss insurance with regard to marine shipping containers, naming the Florens defendants as insureds. A true and correct copy of the primary policy is attached hereto as **Exhibit A**. USFIC and Essex Insurance Company ("the excess insurers") issued a policy of excess of loss insurance with regard to marine shipping containers (the "excess policy"), naming the Florens Defendants as insureds. A true and correct copy of the excess policy is attached hereto and marked as **Exhibit B**. Thereafter, the Florens Defendants allegedly suffered losses of containers. The Insurers paid a total of $1,167,971.53 to the Florens Defendants, for which they now seek reimbursement, since the Florens Defendants have subsequently received a payment of $4,259,869, inclusive of marine container losses, from the receivership of Hanjin Shipping Co. Ltd. ("Hanjin", or "estate of Hanjin"), in part for the same aforesaid losses. The estate payment to Florens Defendants also includes at least $567,702 in interest payments from the receivership of Hanjin, to which the Insurers are also entitled.

2. This also is an action for Declaratory Relief under 28 U.S.C. § 2201, arising out of an actual and ongoing dispute between HDI, USFIC, and Evanston, as insurers, and their insureds, the Florens Defendants, over the existence and scope of the Insurers' obligation (if any) to provide coverage for certain container losses associated with the bankruptcy of Hanjin, and entitlement to reimbursement for sums paid by the Insurers. By this action, the Insurers seek a declaration that: (1) the Florens Defendants are responsible for reimbursement of amounts paid under the excess policy, totalling at least $1,167,971.53, as they have already recovered this sum from the Hanjin bankruptcy; (2) the Florens Defendants have received a double recovery for the aforesaid alleged losses; and (3) no further coverage is afforded under the excess policy for losses associated with Hanjin.

3. By way of this action, the Insurers now seek a declaration of the parties' rights and liabilities with respect to coverage under the excess policy.

## JURISDICTION AND VENUE

4. Jurisdiction exists in this District as the excess policy is a policy of marine insurance, and therefore this Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333. Alienage jurisdiction also exists in this District pursuant to 28 U.S.C. § 1332(a)(2), as HDI is a citizen of a foreign country (Germany), and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to this action occurred within this District, because the Florens Defendants have their principal office and place of business within this District, and because the excess policy contains a forum selection clause specifying courts in the Northern District of California.

## THE PARTIES

6. Plaintiff HDI is a corporation organized and existing under the laws of, and domiciled in the country of Germany.

7. Plaintiff USFIC is a corporation organized and existing under the laws of, and domiciled in, the State of Delaware, with its principal place of business located in Morristown, New Jersey.

8. Plaintiff Evanston is a corporation organized and existing under the laws of the state of Illinois, with its principal place of business located in Rosemont, Illinois.

9. At all times relevant to this action, Defendant FLORENS CONTAINER INC. was and now is a corporation duly organized under the laws of the State of California, with an office and principal place of business in San Francisco, California. Defendant FLORENS ASSET MANAGEMENT (USA) LIMITED, upon information and belief, is a corporation duly organized under the laws of Delaware, with its principal place of business in Secaucus, New Jersey. Defendant FLORENS ASSET MANAGEMENT COMPANY LIMITED, upon information and belief, is an international corporation with its principal place of business in Hong Kong, China.

## FACTUAL BACKGROUND

10. Florens is one or more international corporations in the business of leasing intermodal marine shipping containers for use on container vessels, and otherwise. Over the course of several years, Florens entered into various contractual agreements with Hanjin under which Florens leased marine shipping containers to Hanjin for use in its worldwide intermodal shipping network.

11. After experiencing extreme financial difficulty, Hanjin sought protection from its creditors by way of a receivership action, filed on August 31, 2016, in the Seoul Central District Court in South Korea. At that time, Florens had 17,123 containers on lease to Hanjin. Following the filing of the receivership, Hanjin vessels began discharging containers wherever they were able to do so, and because of the rush to discharge containers, 244 Florens containers were offloaded and abandoned in the country of Iran.

12. During the course of the Hanjin receivership, Florens recovered many of the abandoned containers and received payment from the Hanjin receivership for their remaining alleged losses, totalling $4,259,869.

## THE POLICIES

13. On February 20, 2016, Florens and HDI GERLING VERZEKERINGEN NV (now doing business as HDI Global SE) entered into a marine container insurance contract, Policy No. 07CS3641 (the "primary policy") with a limit of liability of $10,000,000 and a retention deductible of $1,5000,000. Ex. A. The primary policy provided cover for various losses and events per the wording thereof, including losses arising in relation to the financial default of container lessees to whom Florens had leased containers. HDI as the lead insurer has the right to act for the following insurers and to bring this lawsuit for the benefit of all insurers who underwrote the excess policy: "The leading underwriter is empowered to litigate on behalf of the Co-insurers." Primary policy, Ex. A hereto, § 23.C, whose terms are largely incorporated into the excess policy.

14. On February 20, 2016, USFIC and Essex Insurance Company issued the excess policy to Florens with a limit of $8,000,000 in excess of the $10,000,000 primary policy, with Policy Nos. 862-1000955 (USFIC) and 9CD41732 (Essex), respectively. Ex. B.

## RECEIVERSHIP FUNDS AND SETTLEMENT AGREEMENT

15. Prior to receipt of the Hanjin receivership funds, Florens tendered its claim for losses, totalling $3,364,907.00, to its primary insurer (HDI), and to USFIC and Evanston, the excess policy lead insurers.

16. Pursuant to this tender, HDI paid the limits of its policy for Florens' losses.

17. On January 15, 2019, Florens Asset Management (USA) Limited, USFIC, and Evanston, entered into a settlement agreement whereby Florens received the sum of $1,167,971.54 jointly from USFIC and Evanston (the "settlement agreement"). Pursuant to the settlement agreement, on January 31, 2019, USFIC paid a total of $729,982.21 to Florens and Evanston paid a total of $437,989.33 towards the settlement.

18. Thereafter, the Hanjin estate also paid Florens for its Hanjin-related container losses, which duplicated the entirety of the excess Insurers' settlement payment, as well as at least $567,702.00 in interest on debts owed to Florens by Hanjin. Thus, Florens has been paid twice for these losses, and has been unjustly enriched.

19. Florens continues to allege that coverage exists for additional losses under the primary and excess policies, including at least $1,298,206.00 in losses relating to liens, repair costs, lost or abandoned containers, loss of revenue, rental charges, pick up and drop off charges, and rate differential/early termination charges with respect to the 244 containers abandoned in Iran.

20. The Insurers are now seeking, *inter alia,* a declaratory judgment confirming that no coverage exists under the excess policy for Florens' remaining losses.

21. By virtue of the aforementioned payments, the Insurers are legally and equitably entitled to the return of all funds paid by them to Florens. The Insurers herein demand reimbursement of these sums from Florens, and correction of the presently-existing double recovery. The Insurers have previously made a request that Florens return said funds, but, to date, the Florens Defendants have refused to do so.

## FIRST CAUSE OF ACTION – CONTRACTUAL REIMBURSEMENT

22. Insurers re-allege and incorporate by reference every allegation set forth above as if fully set forth herein.

23. Pursuant to the settlement agreement executed January 15, 2019, the Insurers expressly reserved their rights of reimbursement and recovery, including rights to recover sums paid to Florens, which sums have now been duplicated by the Hanjin receivership payments.

24. Additionally, pursuant to the primary policy's Definitions Applicable to Coverage, at Paragraph 7(H), which is incorporated into the excess policy by its terms:

> <u>Recoveries</u> for the purposes of this policy is [sic] defined as claim monies received by the Assured and/or the Assurer, from third parties. Such claim monies shall first be applied to reimburse the Assured for applicable claim deductibles and then to reimburse the Assurer for any paid insured elements of a claim. Any remaining excess balance of such recovery monies shall then be applied to reimburse the Assured for payment of any uninsured elements of any claim under this policy of insurance.

25. Pursuant to the terms of the settlement agreement and the excess policy, the Insurers are entitled to recovery and reimbursement of the sums paid to Florens, as well as interest thereon, subject to proof at trial.

**SECOND CAUSE OF ACTION – EQUITABLE REIMBURSEMENT**

26. Insurers re-allege and incorporate by reference every allegation set forth above as if fully set forth herein.

27. Insurers have suffered a loss for which the Florens Defendants are liable and legally responsible.

28. Insurers suffered damages caused by the acts or omissions of the Florens Defendants, in wrongfully withholding funds from Insurers and rejecting the request that the Florens Defendants repay settlement payments made to them, and to cure the present double recovery by, and unjust enrichment of, the Florens Defendants.

29. Justice and equity require that the loss now be entirely shifted from the Insurers to the Florens Defendants, whose equitable position is inferior to that of each of the three Insurers.

30. The Insurers damages to date are at least $1,167,971.54, plus such additional interest and costs as may be shown at the time of trial.

**THIRD CAUSE OF ACTION – UNJUST ENRICHMENT**

31. The Insurers re-allege and incorporate by reference every allegation set forth above as if fully set forth herein.

32. The Florens Defendants have been paid twice, once by the Plaintiffs herein, and once by the estate of Hanjin, and therefore have been unjustly enriched. Insurers therefore are entitled to reimbursement of all sums paid to the Florens Defendants from and pursuant to the Hanjin receivership, plus any fees and costs paid that do not relate to potentially covered claims, plus interest.

**FOURTH CAUSE OF ACTION – DECLARATORY RELIEF – NO COVERAGE**

33. Insurers re-allege and incorporate by reference every allegation set forth above as if fully set forth herein.

34. The policies issued by HDI, USFIC, and Essex are policies of marine insurance, and therefore the duty of utmost good faith, which is implied by law in every marine insurance contract, applied at all times and now applies to Florens Defendants in all aspects of their dealings with its insurers.

35. Florens has breached this duty by, *inter alia*, keeping and refusing to refund the sums paid to it by Insurers, in spite of the fact that Florens has made a double recovery for its Hanjin losses, by denying that it owes any reimbursement to Insurers, and by making several new, additional and unsubstantiated claims to insurers for insurance benefits.

36. An actual and ongoing dispute and controversy now exists between Insurers, on the one hand, and the Florens Defendants on the other, relating to the respective rights, duties and obligations of Insurers and the Florens Defendants under the primary and excess policies, insurance coverage for certain claims, and the rights to hold and keep funds paid to Florens. Insurers therefore request a declaration from this Court:

    a. That Insurers have no duty to provide coverage for any claims now being asserted by Florens with respect to their Hanjin losses, interest thereon, and related fees and expenses;

    b. That Florens has been fully compensated by Insurers for all of its losses due to and relating to Hanjin;

c. That Insurers have fully and completely discharged their duties and obligations to Florens under the primary policy, Ex. A hereto, and the excess policy, Ex. B hereto;

d. That the duty of utmost good faith applied at all times and now applies to Florens in its dealings with Insurers;

e. That Florens has breached this duty of utmost good faith;

f. That Florens has no right to keep and hold certain funds paid to it by the Hanjin estate;

g. That Florens had an obligation to return to Insurers the funds it received from the Hanjin estate, as soon as Florens received that payment;

h. That Florens has received a double recovery, and has been unjustly enriched by the payment to it by the Hanjin estate;

i. That Florens owes reimbursement to the Insurers of not less than $1,167,971.54, plus interest and costs; and

j. That Florens has no right to receive and keep any additional funds which may be paid to it in the future by the Hanjin estate.

Such a declaration is necessary and appropriate at this time so that Insurers and Florens can ascertain their rights, obligations and duties.

## FIFTH CAUSE OF ACTION—DISGORGEMENT

37. Insurers re-allege and incorporate by reference every allegation set forth above as if fully set forth herein.

38. The Florens Defendants have been paid twice for the same losses, once by Insurers and once from the Hanjin receivership, which is unjust and inequitable.

39. Insurers request that this Court order the disgorgement of the inequitable double payment which the Florens Defendants have received, and the return to Insurers of all payments they collectively made to Florens.

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs pray for the following relief:

1. As to the First Cause of Action, a judgment of reimbursement against the Florens Defendants for the full amount paid by Insurers in connection with the Hanjin claims and losses;

2. As to the Second Cause of Action, a judgment of reimbursement against the Florens Defendants for the full amount paid by Insurers in connection with the Hanjin claims and losses;

3. As to the Third Cause of Action, reimbursement to Insurers of the amount by which the Florens Defendants have been unjustly enriched, and of the entirety of the funds paid by Insurers in connection with the Hanjin claims and losses;

4. As to the Fourth Cause of Action, a declaration from this Court that no coverage is owed by Insurers with respect to the Florens Defendants' additional claims in connection with the Hanjin claims and losses, that the Florens Defendants have received a double recovery and have been unjustly enriched, that the duty of utmost good faith applied at all times and now applies to the Florens Defendants in their dealings with Insurers, and that the Florens Defendants have breached that duty;

5. As to the Fifth Cause of Action, an order that the Florens Defendants disgorge the full amount of the double recovery they have received and the amount by which they have been unjustly enriched at Insurers' expense;

6. For costs of suit;

7. For all of Insurers attorneys' fees and costs incurred herein;

8. For interest on all sums awarded to Insurers; and

9. For all other relief which this Court believes is just and proper.

/ / /

/ / /

/ / /

**DEMAND FOR JURY TRIAL**

HDI, USFIC and Evanston demand to, and reserve all rights to, have this matter tried before a jury.

DATED: May 22, 2023                           KENNEDYS CMK LLP

                                              By: /s/ *Forrest Booth*
                                              FORREST BOOTH
                                              Attorneys for Plaintiffs
                                              HDI GLOBAL SE, UNITED STATES
                                              FIRE INSURANCE COMPANY and
                                              EVANSON INSURANCE COMPANY